UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SWINTON BROWN,

        Plaintiff,

    -against-

                              **OPINION AND ORDER**
                              **13-CV-3258 (SJF)**

WELLS FARGO BANK, N.A. TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST
2007-6 ASSET BACKED CERTIFICATES, SERIES
2007-6, RICHARD A. GERBINO, ESQ., ADAM
SPEREGEN, and STEVEN SCHLESINGER, ESQ.,
as Referee.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    MAR 2 4 2014    ★

LONG ISLAND OFFICE

          Defendants.

-------------------------------------------------------------X

FEUERSTEIN, District Judge:

        Before the Court is defendant Steven Schlesinger's ("Referee") motion to dismiss

plaintiff Swinton Brown's ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure

("FRCP") 12(b)(1) for lack of subject matter jurisdiction.[1] For the following reasons, the

Referee's motion is **GRANTED** and plaintiff's complaint is dismissed as to defendant

Schlesinger.

## I.    Background

        On or about March 24, 2010, defendant Wells Fargo Bank N.A., as trustee for Option

One Mortgage Loan Trust ("Wells Fargo"), commenced an action against plaintiff, Maria Brown,

Beverly Brown and Betty Brown in the Supreme Court, State of New York, Suffolk County, to

foreclose on a mortgage in the amount of $409,500 ("foreclosure action") on plaintiff's real

property located in Bay Shore, New York. Compl. ¶ 11; Mem. in Supp. pp. 2-3. By Order of

Reference in Mortgage Foreclosure entered May 31, 2012, the state court appointed defendant

---

1. Defendant Schlesinger's motion to dismiss is unopposed.

Schlesinger as referee to compute the amount due on the foreclosed mortgage. Decl. Scott, Exh. D. Judgment of Foreclosure and Sale was granted on December 10, 2012. On December 31, 2012, plaintiff, by order to show cause, sought to set aside the sale of the Bay Shore property "on the alleged grounds that the appointed Referee failed to state the correct amount of the mortgage owed." *Id.* at Exh. F. The state court denied the motion (order dated May 30, 2013) and held that "review of the report does not show the computation of the Referee to be inaccurate, nor has the defendant submitted any credible evidence to dispute any portion of the Referee's report." *Id.*

Plaintiff filed a complaint in this Court on or about June 6, 2013 alleging that defendants conspired to steal his equity in the property. As to the Referee, the complaint alleges that Schlesinger "submitted computation report showing irregularity for a judicial sale with in accurate amount of Plaintiff's Mortgage; the Certified Audit show[s] a more precise amount other than the Referee's report." Compl. ¶ 24.

## II. Discussion

### A. Rule 12(b)(1)

The district court's federal question jurisdiction is set forth at Title 28 U.S.C. §1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[2] Federal courts have limited subject matter jurisdiction which can never be waived and its existence may be challenged by the court *sua sponte* or by any party at any time. *Crawford v. Duncan*, No. 11 Civ. 3374, 2013 WL 3549180, E.D.N.Y. July 11, 2013 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006);

---

2. The district court's diversity jurisdiction is codified at 28 U.S.C. § 1332. The provision is inapplicable here because plaintiff and defendant Schlesinger both reside in New York. Compl. ¶¶ 4, 8.

*United States v. Cotton*, 535 U.S. 625, 630 (2002)). When a court "lacks the statutory or constitutional power to adjudicate" an action, the "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In resolving a 12(b)(1) motion, a court may consider evidentiary matter beyond the pleadings. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). While a *pro se* litigant's pleadings are subject to "less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a *pro se* plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Gause v. Chase Bank N.A.*, No. 11 Civ. 6107, 2012 WL 847816, at *3 (E.D.N.Y. Mar. 12, 2012); *Makarova*, 201 F.3d at 113.

### The Rooker-Feldman Doctrine

Pursuant to what is commonly known as the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). *See Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998) ("The *Rooker–Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment."). "*Rooker–Feldman* applies not only to decisions of the highest state courts, but also to decisions of lower state courts." *Ashton v. Cafero*, 920 F. Supp. 35, 37 (D. Conn. 1996). A plaintiff may not avoid application of *Rooker-Feldman* by "presenting in federal court a legal theory not raised in state court," such as framing

-3-

claims under federal statutes. *Castiglione v. Papa*, 423 Fed. App'x 10, 13 (2d Cir. 2011).

The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). There are four requirements for the application of *Rooker-Feldman*: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the district court proceedings. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Id.* If all four requirements are met, the case must be dismissed.

**B.    Analysis**

### 1.    *Rooker-Feldman's Procedural Requirements*

Here, plaintiff "lost" in state court when the Supreme Court, Suffolk County, New York entered the Judgment of Foreclosure and Sale of plaintiff's property. Decl. Scott, Exh. G. The judgment in the foreclosure action was entered by the Suffolk County Clerk on January 14, 2013. Decl. Scott, Exh. G. The complaint in this action was filed June 6, 2013, i.e., after the state court rendered judgment. DE 1. Accordingly, the procedural requirements of the doctrine, elements one (1) and four (4), have been met.

### 2.    *Substantive Requirements*

Element two (2), the causal requirement, is satisfied "where, as in *Feldman*, the state

-4-

court itself is the decision-maker whose action produces the injury." *Sindone v. Kelly*, 439 F. Supp. 2d 268, 272 (S.D.N.Y. 2006). *See Hoblock*, 422 F.3d at 87 ( holding that "federal plaintiffs are not subject to the *Rooker–Feldman* bar unless they complain of an injury caused by a state judgment."). This causation requirement distinguishes the *Rooker-Feldman* doctrine from ordinary preclusion law, which focuses on the similarity between a party's state and federal court claims; under *Rooker-Feldman*, the plaintiff's injury results from the state court judgment. *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007).

Plaintiff complains of an injury, which was caused by the state court's Judgment of Foreclosure and Sale, i.e., the state court ratified and confirmed in all respects and made part of the judgment the Referee's allegedly inaccurate report. Compl. ¶ 24; Decl. Scott, Exh. G. Thus, the causation requirement is satisfied.

With respect to the third element, plaintiff's claim invites this Court to examine the validity of the state court decision (order dated May 30, 2013), which denied plaintiff's motion to set aside the sale of the property on the ground the Referee's report was incorrect, and to reject said order. *Id.* at Exh. F. Additionally, plaintiff's claim against the Referee invites the Court to examine and reject the validity of the final Judgment of Foreclosure and Sale in the state action given that the judgment adopted the Referee's report in its entirety. Such review is barred by *Rooker-Feldman*. *See Gray v. Americredit Fin. Serv., Inc.*, No. 07 Civ. 4039, 2009 WL 1787710, at *4 (S.D.N.Y. June 23, 2009) ("Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker–Feldman* doctrine from attacking the state court judgment in federal district court."); *Grogan v. Maroney*, No. 97 Civ. 912, 1998 WL 135222, at *6 (N.D.N.Y. Mar. 05, 1998) ("It is

clear in this case that in order to consider plaintiffs' possible claims, this court would be required to examine the validity of the May 1991 judgment of foreclosure and of the subsequent order issued by the state court in March 1997. The *Rooker–Feldman* doctrine bars just such a review.").

## III.   Conclusion

In light of the foregoing, plaintiff's claims against the Referee are barred by the *Rooker-Feldman* doctrine and defendant Schlesinger's motion to dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction is **GRANTED** and the case is dismissed as to the Referee.

## SO ORDERED.

Dated: March 24, 2014
    Central Islip, New York

s/ Sandra J. Feuerstein

Sandra J. Feuerstein, U.S.D.J.