UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SWINTON BROWN,

                Plaintiff,

-against-

WELLS FARGO BANK, N.A. TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST
2007-6 ASSET BACKED CERTIFICATES, SERIES
2007-6, RICHARD A. GERBINO, ESQ., and ADAM
SPEREGEN, ESQ.,

                Defendants.
------------------------------------------------------------X

OPINION AND ORDER
13-CV-3258 (SJF)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    MAY 08 2014    ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Defendants Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust's ("Wells Fargo"), and Richard A. Gerbino's and Adam Speregen's ("individual defendants") have moved to dismiss plaintiff Swinton Brown's ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] for lack of subject matter jurisdiction. For the following reasons, the motions are **GRANTED** and plaintiff's complaint is dismissed in its entirety.

I. **Background**

On or about March 24, 2010, defendant Wells Fargo commenced an action against plaintiff[2] in the Supreme Court, State of New York, Suffolk County, to foreclose on a mortgage in the sum of $409,500 on plaintiff's real property located in Bay Shore, New York. Compl. ¶ 11. Defendants Gerbino and Speregen are attorneys who were involved in certain aspects of the

---

[1] Wells Fargo and the individual defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Courts finds that it lacks subject matter jurisdiction over plaintiff's complaint, it need not consider whether the complaint states a claim for which relief may be granted.

[2] Maria Brown, Beverly Brown and Betty Brown were also named as plaintiffs.

foreclosure process. DE 9-1 at p. 4. The state court granted a Judgment of Foreclosure and Sale against plaintiff on December 10, 2012, which was entered by the Suffolk County Clerk's office on January 14, 2013. Dec. Concepcion, Exh. H. On or about December 31, 2012, by order to show cause filed in the state court, plaintiff sought to set aside the sale of the Bay Shore property "on the alleged grounds that the appointed Referee failed to state the correct amount of the mortgage owed." *Id.* at Exh. I. The state court denied the motion (order dated May 30, 2013) and held that "review of the report does not show the computation of the Referee to be inaccurate, nor has the defendant submitted any credible evidence to dispute any portion of the Referee's report." *Id.* at Exh. J. On or about June 6, 2013, plaintiff filed a complaint in this Court alleging that defendants conspired to steal his equity in the property. *Id.* at Exh. A.

## II. Discussion

### A. Rule 12(b)(1)

The district court's federal question jurisdiction is set forth at Title 28 U.S.C. §1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal courts have limited subject matter jurisdiction which can never be waived and its existence may be challenged by the court *sua sponte* or by any party at any time. *Crawford v. Duncan*, No. 11 Civ. 3374, 2013 WL 3549180, E.D.N.Y. July 11, 2013 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *United States v. Cotton*, 535 U.S. 625, 630 (2002)). When a court "lacks the statutory or constitutional power to adjudicate" an action, the "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In resolving a 12(b)(1) motion, a court may consider evidentiary matter beyond the pleadings. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). While a *pro se* litigant's pleadings are subject to "less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a *pro se* plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113; *Gause v. Chase Bank N.A.*, No. 11 Civ. 6107, 2012 WL 847816, at *3 (E.D.N.Y. Mar. 12, 2012).

### *The Rooker-Feldman Doctrine*

Pursuant to what is commonly known as the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). *See Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998) ("The *Rooker–Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment."). "*Rooker–Feldman* applies not only to decisions of the highest state courts, but also to decisions of lower state courts." *Ashton v. Cafero*, 920 F. Supp. 35, 37 (D. Conn. 1996). A plaintiff may not avoid application of *Rooker-Feldman* by "presenting in federal court a legal theory not raised in state court," such as framing claims under federal statutes. *Castiglione v. Papa*, 423 Fed. App'x 10, 13 (2d Cir. 2011).

The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). There are four requirements for the application of *Rooker-Feldman*: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the district court proceedings. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Id.* If all four requirements are met, the case must be dismissed.

**B.     Analysis**

   **1.     *Rooker-Feldman's Procedural Requirements***

The procedural requirements of the doctrine, elements one (1) and four (4), have been met. Plaintiff "lost" in state court when the court granted the Judgment of Foreclosure and Sale against Brown and in favor of Wells Fargo on December 10, 2012. Dec. Concepcion, Exh. H. The complaint in this action was filed June 6, 2013, i.e., after the state court rendered judgment. DE 1.

   **2.     *Substantive Requirements***

Element two (2), the causal requirement, is satisfied "where, as in *Feldman*, the state court itself is the decision-maker whose action produces the injury." *Sindone v. Kelly*, 439 F. Supp. 2d 268, 272 (S.D.N.Y. 2006). *See Hoblock*, 422 F.3d at 87 (holding that "federal plaintiffs are not subject to the *Rooker–Feldman* bar unless they complain of an injury caused by a state judgment."). This causation requirement distinguishes the *Rooker-Feldman* doctrine from ordinary preclusion law, which focuses on the similarity between a party's state and federal court

claims; under *Rooker-Feldman*, the plaintiff's injury results from the state court judgment. *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007).

Plaintiff complains of an injury allegedly caused by the state court's Judgment of Foreclosure and Sale. Plaintiff's complaint alleges: "Defendant(s) individually and/or collectively and/or in conspiracy engaged in fraud, conversion, trespass, fraudulent conveyance of language, financial crime and deceptive unfair lending practice scheme resulting in unjust enrichment, misrepresentation and House Sale Fraud in which to bring about a fraudulent foreclosure proceeding." Compl. at ¶ 1. As for relief, plaintiff's complaint asks this Court to "void, cancel, extinguish and release the Mortgage lien from plaintiff's real property" and to "release, vacate, quash, abate, dismiss, discharge judgment pending on the Mortgage loan." Dec. Concepcion, Exh. A ¶ 42. Thus, the causation requirement is satisfied.

The third element, i.e., whether plaintiff's claims invite the district court to review and reject the state court judgment, is also satisfied. To find in favor of plaintiff with respect to the state court's final judgment, the Court would have to review and reject the facts and law upon which the judgment rests. Such review is barred by *Rooker-Feldman*. *See Gray v. Americredit Fin. Serv., Inc.*, No. 07 Civ. 4039, 2009 WL 1787710, at *4 (S.D.N.Y. June 23, 2009) ("Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker–Feldman* doctrine from attacking the state court judgment in federal district court."); *Grogan v. Maroney*, No. 97 Civ. 912, 1998 WL 135222, at *6 (N.D.N.Y. Mar. 05, 1998) ("It is clear in this case that in order to consider plaintiffs' possible claims, this court would be required to examine the validity of the May 1991 judgment of foreclosure and of the subsequent order issued by the state court in March 1997. The

*Rooker–Feldman* doctrine bars just such a review.").

## III. Conclusion

In light of the foregoing, plaintiff's claims against Wells Fargo and defendants Gerbino and Speregen are barred by the *Rooker-Feldman* doctrine and their motions to dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction are **GRANTED**. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: May 8, 2014
      Central Islip, New York

                                      s/ Sandra J. Feuerstein
                                      Sandra J. Feuerstein, U.S.D.J.